IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SIONE HOKO,<br><br>Plaintiff,<br><br>vs.<br><br>HUISH DETERGENTS, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br><br><br>Case No. 2:09-CV-361 TS |

This matter is before the Court on Plaintiff's Motion to Amend Complaint. Plaintiff, proceeding pro se in this case, was previously granted permission to amend his Complaint to add additional parties. Defendant Huish Detergents, Inc. ("Huish") has since filed its Answer to the Amended Complaint. In his current Motion to Amend, Plaintiff requests leave to include medical records and the administrative record from the investigation conducted by the Utah Antidiscrimination and Labor Division.

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a) dictates that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." The Rule specifies that "leave shall be freely given when

1

justice so requires."[1]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[2]

It is unclear how Plaintiff's medical records are relevant, but a record of Plaintiff's pursual of administrative remedies is highly relevant to his claim of employment discrimination under Title VII of the Civil Rights Act of 1964.[3]  Huish argues that amendment is unnecessary at this point in the proceedings because the documents Plaintiff wishes to attach will be disclosed during discovery and Plaintiff may rely on the documents without attaching them to the Complaint.  Huish is correct with regard to attachment of the documents, but the Complaint does not currently include factual allegations related to exhaustion of administrative remedies by Plaintiff, allegations central to Plaintiff's right to proceed with a civil claim.

The Court is required to construe the filings of a pro se party liberally,[4] and the Court therefore construes the Motion to Amend to include a request to allow amendment of the Complaint to include factual allegations related to exhaustion of administrative remedies, including the investigation conducted by the Utah Antidiscrimination and Labor Division.  The Court finds that Defendants will not be prejudiced at this early stage by allowing Plaintiff to amend his Complaint to include such allegations, and the Court will grant the Motion to Amend, as construed.

It is therefore

---

[1] Fed. R. Civ. P. 15(a).

[2] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[3] 42 U.S.C. § 2000e et seq.

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 9) is GRANTED.

Plaintiff may file an Amended Complaint within thirty days of the date of this Order.

DATED   August 25, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge